THIBODEAUX, Chief Judge.
After concluding that the jury was correct in failing to find causation in this case, the Louisiana Supreme Court remanded this case so that we may “consider the plaintiffs remaining assignments of error.” Detraz v. Lee, d/b/a Virgin Nails, 05-1263, p. 12 (La.1/17/07), 950 So.2d 557.
The plaintiff entreats us to find that the trial court’s failure to bring the jury into the courtroom to review the alleged inconsistent testimony of Dr. Ronald Daigle was reversible error. We decline the plaintiffs invitation. While the trial court incorrectly refused to allow the jurors back into the courtroom, La.Code Civ.P. art. 1795 accords discretionary power to the trial court. Even if the jurors were brought into the courtroom, Section B of Article 1795 does not mandate that the trial judge must allow the reading of the requested testimony.
The plaintiff further complains that the alternate juror should have been discharged once the jury retired to begin deliberations. We agree. However, the record fails to disclose that the alternate juror participated in the deliberations. The alternate juror’s mere presence during jury deliberations was harmless.

CONCLUSION

Considering the foregoing, we affirm the judgment of the trial court.
AFFIRMED.